# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–274

| | |
|---|---|
| BRENDA L. (JONES) PRUITT<br>APPELLANT<br><br>V.<br><br>COMMUNITY DEVELOPMENT<br>INSTITUTE HEAD START and<br>ZURICH AMERICAN INSURANCE<br>COMPANY<br>APPELLEES | **Opinion Delivered** October 2, 2013<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. F908541]<br><br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Brenda L. (Jones) Pruitt (now appellant) sustained a compensable workers' compensation injury in a vehicular accident on September 14, 2009, when a van she was driving for Community Development Institute Head Start hydroplaned off the road. On April 6, 2012, an administrative law judge conducted a hearing to determine additional benefits related to the compensable injury. The law judge found that Ms. Pruitt was permanently and totally disabled and that respondents (now appellees) were liable for a thirty-six–percent statutory penalty for late payment of medical benefits because their failure to pay was willful and intentional. Additionally, on his own motion, the law judge found respondents in contempt of the Commission's previous order and assessed a $5,000 statutory fine against them.

The respondents appealed to the Commission, which rendered its decision on February

12, 2013. Affirming the law judge in part, the Commission found that appellees' failure to pay medical benefits was intentional, and that Ms. Pruitt was entitled to the thirty-six-percent statutory penalty for late payment of medical benefits. The Commission vacated the law judge's sua sponte contempt finding against appellees and reversed the finding of total permanent disability, finding instead a forty-percent wage-loss disability in excess of a thirteen-percent permanent anatomical impairment to the back and one-percent permanent anatomical impairment to the right shoulder. Ms. Pruitt appeals, contending that substantial evidence does not support the Commission's finding that she was not permanently and totally disabled by her compensable injury.

Permanent total disability is the inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment. Ark. Code Ann. § 11-9-519(e)(1) (Repl. 2002). In considering claims for permanent partial-disability benefits in excess of the percentage of permanent physical impairment, the Workers' Compensation Commission may take into account such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his or her future earning capacity. Ark. Code Ann. § 11-9-522(b)(1) (Repl. 2002).

Ms. Pruitt contends that fair-minded persons with the same facts before them could not have reached the Commission's conclusion. She points out that she was nearly sixty-five years old at the time of the Commission's decision, had only a high school education and no "real transferrable job skills" other than food preparation, had been limited to permanent light-duty work by her neurosurgeon and to a ten-pound lifting restriction for the right upper

2

extremity by her orthopedic surgeon, and had undergone right-shoulder surgery. She notes her testimony that she is right-handed and cannot lift, bend, stoop, do housework, or perform cooking duties for more than twenty minutes without sitting down to rest. Finally, she notes her neurosurgeon's explanation that she "also suffered a spinal cord injury that caused weakness of the proximal left lower extremity" and that additional pain management or implantation of a spinal-cord stimulator might become necessary.

The Commission, in reversing the law judge's finding of permanent total disability, found that Ms. Pruitt did not prove an inability to earn any meaningful wage in the same or other employment. The Commission wrote:

> The claimant has not sought employment with the respondents or any other employer since September 14, 2009. *The claimant testified that she saw no reason why she should attempt to return to work, because she was receiving Social Security Disability benefits.* The claimant's lack of motivation to return to appropriate gainful employment is an impediment to an assessment of the claimant's loss of earning capacity. *Ellison v. Therma Tru*, 71 Ark. App. 410, 30 S.W 3d. 769 2000). We assign minimal evidentiary weight to the claimant's testimony, "I can't do anything at all." However, the claimant is now 64 years old with no formal education beyond high school and a history of unskilled manual labor. The claimant has been assigned a 13% permanent anatomical impairment for her compensable back injury and is also entitled to a 1% permanent impairment for her compensable shoulder injury. The claimant's treating physicians have released the claimant to permanent light-duty work. In considering the claimant's age, limited education, work experience, permanent restrictions, and lack of motivation to find appropriate gainful employment, the Full Commission finds that the claimant sustained wage-loss disability in the amount of 40%.

(Emphasis added.) Ms. Pruitt asserts that the Commission improperly focused on her statement about not needing to look for work—a statement made out of "obvious frustration" during cross-examination—and that only the law judge—who observed her emotional state and the context in which the statement was given—could assign it proper weight. She asserts

3

that the Commission had no valid reason to discount sound, reasonable, and undisputed medical testimony from her authorized treating physicians.

It is well established that we defer to the Commission's findings of credibility and resolution of conflicting evidence—even when the Commission does not take live testimony. *Welcher v. Davis Nursing Home*, 2009 Ark. App. 831; *see Stiger v. State Line Tire Serv.*, 72 Ark. App. 250, 35 S.W.3d 335 (2000). Where the Commission denies benefits because the claimant has failed to meet her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000).

Applying the proper standards of review in the present case, we affirm the decision of the Commission. The Commission exercised its duty to assess the weight and credibility of evidence regarding Ms. Pruitt's ability or inability to earn meaningful wages, and it was within the Commission's authority to assess that weight and credibility differently than did the administrative law judge. This and other findings by the Commission constitute a substantial basis on which it reduced the law judge's finding of permanent total disability to a forty-percent wage-loss disability.

Affirmed.

HIXSON and WOOD, JJ., agree.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellant.

*Mayton, Newkirk & Jones*, by: *Mike Stiles*, for appellees.